IN

# THE SUPREME COURT

OF

# PENNSYLVANIA.

## EASTERN DISTRICT, MARCH TERM, 1849.
### PHILADELPHIA.

## BEVANS *v.* The DINGMAN'S-CHOICE TURNPIKE.

A bill for the discovery of assets, &c., lies against a corporation under the act
of 1836. But such a bill can be filed only by a sequestrator appointed under
the provisions of that act.

APPEAL from the Common Pleas of Pike.

*March* 19, 20. The matters material to the questions determined
here, were these: The plaintiff filed a bill against a corporation
and others, setting forth that he was a judgment-creditor of one
of the defendants—a corporation; that his claim was under a
contract which he had entered into on the representations by
defendants' officers, of the assets of the company, which would be
applied to the payment of his debt; that the officers and managers
had received these funds and fraudulently transferred them to them-
selves on account of pretended claims; that they had property
which ought to be applied to the payment of plaintiff's judgment,
which they pretended they had not; and prayed a *scire facias* to
compel them to make discovery, &c.

The defendants demurred, and among other questions raised,
were: 1. Whether under the act such a bill of discovery lies
against a corporation; 2. Whether the plaintiff could file such a
bill.

The court dismissed the bill.

*Reeder*, for the appellant contended: that a corporation defendant was included within the general words of the act, which are not confined to any particular species of defendants, not even using the term person, but giving a right generally against all defendants; that this remedy was more especially necessary against corporations, from the facility with which their property could be transferred or concealed, and the impossibility of compelling them to fulfil their engagements by the ordinary process of execution; that the plaintiff was entitled to the remedy by the express words of the act, which are "the plaintiff in any judgment."

*Porter*, contrà, contended: that act was not intended to reach corporations, for the answer is to be made under oath, which they cannot make; that it is confined to tangible property, and not money, debts, stocks, &c., which are provided for by other sections of the act, and that the only modes of proceeding by individual creditors were those specifically pointed out by the act, viz., execution and sequestration: 4 Barr, 490.

*March* 28. ROGERS, J.—The respondent takes three principal grounds of defence: that a bill of discovery does not lie against a corporation; that the act giving relief, does not embrace *choses in action*, or moneys due and payable; and that the remedy of a creditor of an insolvent corporation is by sequestration. These exceptions touch the merits of the bill, and go to the jurisdiction of the court and the disability of the plaintiff, and, in the view we take of the case, are the only ones we deem it necessary to notice. The respondent's positions are, that the act of the 16th of June, 1836, which gives a bill of discovery, does not relate to corporations defendants, nor to the discovery of debts or money, but only to natural persons, and to real or personal estate. But the 9th and 10th sections of the act, we conceive, use words sufficiently comprehensive to include corporations. The 9th section provides that the plaintiff in any judgment shall have a bill of discovery of the real and personal estate of the *defendant in the judgment*. And the 10th section, that the said bill may be filed against the *defendant in the judgment*, and against any person who may owe, or be accountable for the same, or may have knowledge of the same. Here the corporation are defendants in the judgment, and as such, it cannot be denied, come within the letter of the act. They are also included in its spirit, for unquestionably there is as much reason they should be subject to this searching process, as

natural persons; for they, or those who have the management or direction, as well as individuals, sometimes remove, transfer, or conceal their assets, and, by reason of such concealment, or fraudulent transfer or encumbrance, prevent a complainant from having execution of his judgment.

The act, so far at least as it relates to the discovery of fraud, is highly remedial, and is entitled to a liberal construction, so as to advance the remedy and suppress the mischief. There is little weight in the argument that the answer of the defendant is required to be on oath, and that a corporation never answers on oath, but under its corporate seal: Angell & Ames on Corporations, 523. For although this be true, the officers and servants of the corporation may be made parties to a suit for the purpose of eliciting from them a discovery on oath, of the matters charged in the bill. Joining officers of a corporation in a bill, being an exception to the rule which forbids a mere witness from being a party: 1 Vern. 117; Wych v. Meal, 3 P. Wms. 310; 14 Ves. 1255; Dummer v. Corporation of Chippenham, 2 Story's Equity, 714. In addition to the authority conferred by this act, the act of the 16th of June, 1836, relating to the jurisdiction and powers of courts, 13th section, gives to the Supreme Court, and Courts of Common Pleas, the jurisdiction and powers of a court of chancery, so far as relates to the supervision and control of all corporations other than those of a municipal character. The act provides, that in every case in which any court, as aforesaid, shall exercise any of the powers of a court of chancery, the same shall be exercised according to the practice in equity, prescribed and adopted by the Supreme Court of the United States, unless it be otherwise provided by act of Assembly, or the same shall be altered by the Supreme Court of this Commonwealth, by general rules or regulations. In The Commonwealth v. The Bank of Pennsylvania, 3 W. & S. 173, it was ruled that the control of the court over corporations, was, under the act, general and unlimited. And the court refused to dissolve an injunction against the Bank of Pennsylvania, charged, as a depositee and trustee, to prevent them from paying away or assigning the funds, although the answer denied the trust.

But it is said a bill of discovery does not lie, as to debts or money due the defendant, but only extends to real and personal estate. But we think *choses in action*, by a fair construction, are embraced in the 11th section. The section provides, that a bill may be filed against the defendant in the judgment, and against any person having possession of such real and personal estate, *or who may owe,*

*or be accountable for the same, or may have knowledge of the same.* We are not at liberty to discard the words in the latter clause of the section.   They are pregnant with meaning, and although the idea is awkwardly expressed, it is difficult to account for the introduction of the words "who may owe, or be accountable for the same," except on the supposition, they were intended to reach the case of an attempt by the defendant to conceal the debts due to himself.   To give the section any other construction, would greatly impair the beneficial operation of the act.   In many cases the principal assets consist in debts (as in the case of a merchant, trader, or a bank), which a fraudulent defendant may be desirous to conceal, and thus elude the grasp of creditors.   We see no reason for the distinction, and none has been given.   The legislature, it is probable, believed that all the assets of every description were included in the words, "personal and real estate;" but to remove all difficulty, they added the clause to which reference is made.   And what makes this supposition more plausible, is, that in the act of the 13th of June, 1836, relating to the commencement of actions, the legislature uses the words personal estate, personal property, as synonymous with goods and effects: *Vide* sections 44, 48, 49, 50, 54, 55, 56, 57, 59, 60.   That the words personal estate, are used in an enlarged sense, comprehending stock in a corporate body owned by a defendant, deposits of money in bank, and debts due and owing, appears in the 20th and 22d sections of the act of the 16th of June, 1836, an act relating to executions. We are of opinion, therefore, the defendant has failed in the two first reasons assigned.   A bill of discovery will lie as well against a corporation as an individual, under the act of the 16th of June, 1836, and the remedy extends to all the estate of the defendant in the judgment, of every description, whether it consists of real or personal estate, goods and chattels, *choses in action*, or, in the language of the act, money due, or to become due.

Is the judgment-creditor entitled to the remedy against an insolvent corporation? is the next question.

The objection to the mode of the proceedings adopted by the complainant, is, that it gives a preference to one creditor, in exclusion of all others, violating, as the defendants contend, the plain provisions of the act of the 16th of June, 1836, which directs the manner of executions against corporations.   The act was intended to provide a system for such cases, for, after particularly providing for the manner of proceeding on executions against corporations defendants, where there is personal and real property, the legisla-

ture enacts (73d section): "In every case in which judgments shall have been obtained against such corporation, except as aforesaid, and an execution issued thereon shall have been returned unsatisfied in whole or in part, it shall be lawful for the court in which such judgment shall have been obtained, upon bill or petition of the plaintiff in such judgment, to award a writ to sequester the goods, chattels, and credits, rents, issues and profits, tolls and receipts from any road, canal, bridge, or other work, property, or estate of such corporation." The 74th section provides, "The court shall, upon the awarding any such writ, appoint a sequestrator, to execute the same and to take charge of the property and funds taken or received by virtue of such writ, and *to distribute the nett proceeds thereof among all the creditors* of such corporation, according to the rules established in the case of the insolvency of individuals; and such sequestrator shall have all the powers and be subject to all the duties of trustees, appointed under the law relating to insolvent debtors. Provided, that in case of any work, in the maintenance or repair of which the public may be interested, and which may from time to time require a portion of the revenue thereof, as aforesaid, to be expended thereon; the court which awards such writ, shall make such allowances for such purposes, and otherwise take such order thereon as the public good shall require." The 73d section enacts that, the said court shall have power, at the time of awarding any such writ, or afterwards, to make such orders and decrees as may be necessary to carry the same into full and complete effect, and they may also make all such other orders and decrees in the premises, for the purpose of giving full and effectual relief to all creditors of such corporation, as shall be agreeable to equity, and they may enforce all such orders against all persons neglecting or refusing to comply therewith, or obstructing the execution thereof or of such writ, by attachment, or by writ or writs to the sheriff or coroner, in aid of the sequestrator, or otherwise, as fully as a court of chancery might do. This act contains system in relation to remedies against corporations, following out the equity principle, that equality is equity, by securing the rights of all the creditors, at the same time taking care of the interests of the public, by appropriating a fund, if necessary, to keeping the roads in repair. It gives the plaintiff in a judgment, a complete remedy against a corporate defendant, if he choose to pursue it. He has process of execution against the personal and real property of the corporation, if any they have, which enures to his exclusive benefit, as in the case of an execution against an

individual. But when the corporation is insolvent, which is manifested by a return of the execution, in part or in the whole, the court may award a writ, at his petition, to sequester the goods and chattels of the corporation, providing that the sequestrator shall take possession of the property of the corporation, and distribute it among all the creditors, at the same time taking care of the public interests. Full and ample power·is given to the court, to make all such orders and decrees as may be necessary to carry the same into full and complete effect. They are empowered to give full and effectual relief to all the creditors of the corporation, agreeably to equity; and that a bill of discovery would lie, if necessary, at the instance of the sequestrator, we cannot doubt. The objection is not to the bill of discovery, but to the person who asks the relief. When the bill is filed by the sequestrator, it would be useless to make the corporation party, as he represents the corporation as well as the creditors. It would be against the officers and agents of the corporation. In such case the objection does not lie, that the act requires the answer to be on oath, and that a corporation answers under the corporate seal.

Being, therefore, of opinion, that a bill of discovery will not lie at the instance of the judgment-creditor, who is bound to pursue the remedy pointed out by the act, we are happily released from the irksome task of investigating the exceptions taken to the form of the bill, the plea, and demurrer. If this case be a fair sample of what we may expect from the introduction of chancery pleading and practice into every simple case, it will prove an unmitigated curse, leading to doubt, difficulty, uncertainty, and delay. Numerous exceptions have been taken on both sides, and argued here and elsewhere most elaborately, all of which it is conceded are matters of form, and amendable with the exception of the objection of want of jurisdiction, and the disability of the complainant. A court of chancery is not necessarily a court of delay; but it is made so, in a great measure, by a scrupulous attention to all the niceties of pleadings and practice, introduced from motives not very creditable to the profession. As in Pennsylvania we can be actuated by no such reasons, we did hope we should have been saved from any such infliction. If amendable, why not amend, or consider the bill or other pleadings as amended, and thus save the court from any further investigation into a matter very little calculated to advance the substantial justice and equity of the case?

The decree of the court, dismissing the bill, is affirmed, with costs.