## Davenport Co., Appellant, *v.* Pennsylvania R. R.

*Evidence—Privileged communications—Attorney and client—Report of railroad freight claim agent.*

On a bill of discovery in aid of an action of law brought by a shipper against a railroad company to recover damages for loss of goods, the defendant will not be required to produce for plaintiff's benefit a report made by the local freight agent of the company to the general freight agent, relating to the goods in controversy, and intended to be sent by the general agent to counsel for use on the trial of the case.

Argued Jan. 21, 1895.    Appeal, No. 124, July T., 1894, by plaintiff from decree of C. P. No. 4, Phila. Co., Sept. T., 1892, No. 105, dismissing exceptions to answers to interrogatories to bill of discovery.    Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.    Affirmed.

Bill of discovery in aid of action at law.

The bill was filed against the railroad company and Wm. H. Joyce, general freight agent, and F. D. Howell, the freight claim agent of the company.    After averring that a suit had been begun by plaintiff against defendant to recover damages for losses of goods shipped by the plaintiff, the bill continued as follows:

"5. Your orator further avers that on April 26, 1893, a rule to take the depositions of witnesses at Altoona, Pa., on behalf of plaintiff was entered, under which depositions were taken at Altoona, Pa., and filed of record in this case June 13, 1893, whereby it appears, inter alia, that certain official communication or communications and report or reports, relating to said claim, was or were sent by the agent or agents, employee or employees of defendant company at Altoona, Pa., to the freight department of said defendant corporation in Philadelphia.    An inspection of said writings has been duly demanded by your orator and refused by said defendants.

"Your orator is informed 'and believes and so charges, said official report or reports, communication or communications was or were addressed to and received by the said William H. Joyce,

general freight agent as aforesaid, and F. D. Howell, freight claim agent as aforesaid.

" 6. Your orator is informed and believes and therefore charges that in the ordinary course of his or their duty, and for the information of the company without reference to any litigation, the agent or agents, official or officials of defendant company at Altoona, Pa., on and after June 13, 1893, furnished to the freight or other department of defendant company at Philadelphia, certain official report or reports of said matter.

" 7. Your orator further charges that the said defendant company has knowledge of the fact above set forth pertinent to the issue, and that discovery thereof is material to the just determination of said issue, so as aforesaid pending in said action at law, and said discovery is sought in order that the plaintiff may have the benefit thereof on the trial of said action. Your orator also charges the said report or reports is or are in the possession and under the control of said defendant company, and the said defendants as aforesaid, and, without the aforesaid discovery, your orator cannot safely go to trial of said issue.

" Wherefore your orator needs equitable relief and prays :

" 1. That the said defendant corporation by its proper officer upon oath or affirmation to the best of his knowledge, information and belief, and the said defendants upon oath or affirmation, may full, true and perfect answers make, to all and singular the premises as fully and particularly as if specially interrogated thereto, and that it and they may in like manner answer the interrogatories filed herewith.

" 2. That said defendants be decreed to make a full and true discovery as to all the matters herein charged, and that until such full and true discovery, the proceedings in said suit at law be stayed."

The interrogatories are as follows :

" 1. State whether or not it is true that suit was brought against said corporation by J. Davenport, trading as Davenport Co. ; that the service of the summons therein issued was accepted by counsel for said corporation ; that a statement was thereupon filed to which said corporation replied by affidavit of defence ; that to the rule to plead said corporation has duly pleaded and that said cause is now at issue, as averred in bill in equity filed herewith.

" 2. State whether or not it is true that the agent or agents of said corporation at Altoona, Pa., on or about June 13, 1892, or thereafter, duly furnished to you or the proper department of said corporation in Philadelphia in the ordinary course of his or their duty and for the information of said company, certain official report or reports relating to the claim in this suit. If you answer in the affirmative, state by whom and to whom said report or reports were made and on what date or dates. Attach true copy or copies of said report or reports to your answer.

" 3. State whether or not any official or officials of said defendant company, or any officer or officers, employee or employees thereof, at Altoona, Pa., on or about June 13, 1892, or thereafter, duly furnished you or the proper department of said corporation in Philadelphia, in the course of his or their ordinary duty, and for the information of said company, certain official report or reports relating to the claim involved in this suit. If you answer in the affirmative, state to whom and by whom said report or reports were made and on what date or dates. Attach true copy or copies of said report or reports to your answer.

" Note.—All the defendants are required to answer all the interrogatories."

The answers to the interrogatories were as follows :

" 1. To the first interrogatory the defendants answer: Yes.

" 2. To the second and third interrogatories the defendants answer to each thereof: No—the reports in the said case made by agents, employees or officers to the defendants or to any of them, their agents or officers, on or about June 13, 1892, and thereafter, were not made in the ordinary course of the duty of the said agents, employees and officers, but all of said reports were made for the special and extraordinary reason and occasion of preparing to resist, deny and defend against the claim and demand made against the Pennsylvania Railroad Company by the plaintiff in the said action at law, by letter dated July 7, 1892, and with special reference to such litigation as it was anticipated might arise in consequence of said demand. Said reports were particularly prepared in order that, if litigation should ensue, they might be submitted to defendants' counsel, and the information set forth in the reports was so set forth

(inter alia) for that purpose, and constitutes the defendants' instructions to its counsel. All the said reports were made subsequent to the receipt of the said letter and constitute the answer and defence of the defendants in the said action at law."

Plaintiff filed exceptions to the answers.

The court dismissed the exceptions.

*Error assigned* was in dismissing the exceptions.

*Horace M. Rumsey,* for appellant.—The interrogatories must be answered specifically. New matter cannot be set up by way of defence in answer to interrogatories. The answers are insufficient on this ground.

The plaintiff claims the reports were furnished in the ordinary course of duty by the agent at Altoona to the main department in Philadelphia. It may be laid down that the right of inspection is not limited to documents which may be made evidence in the action, but extends to all that may throw light upon the case: Am. & Eng. Ency. of Law, vol. 19, p. 244; Woolley v. N. London Ry. Co., L. R. 4 C. P. 602; Cossey v. Ry., L. R. 5 C. P. 147; M'Corquodale v. Bell, L. R. 1 C. P. Div. 471; 2 Taylor on Evidence, sec. 1795.

Where the information cannot be secured by the solicitor, or clerk, or ordinary agent, the solicitor may request the client to obtain it himself, and such information so obtained by the client, at the request or under the advice of the solicitor, is in that sense obtained by the agent of the solicitor. The client thus becomes the agent of the solicitor for the purpose of obtaining information and is clearly within the rule of privilege. This is the extent of the rule, and any further straining or extension of the rule is dangerous. This rule may be deduced from Anderson v. Bank, 45 L. J. R. (Chanc. Div.) (N. S.) 449 (1876); Bustros v. White, 45 L. J. R. (Q. B. D.) (N. S.) 642 (1876); Friend v. Ry. Co., 46 L. J. R. (Q. B. D.) (N. S.) 696 (1877).

In the case at bar—(*a*) the solicitor did not request the reports; (*b*) the reports were not submitted for his advice or information; (*c*) the reports were not prepared because of threatened litigation; but "said reports were particularly prepared in order that if litigation should ensue they might be

submitted to defendant's counsel: " Cook v. North Metropolitan Tramway Co., 6 Times Law Rep. 22; Bispham's Principles of Equity, sec. 563.

The document is not privileged unless made with reference to a particular action: Anderson v. Bank, 45 L. J. R. (Chanc. Div.) 449; Cook v. Tramway Co., 6 Times Law Rep. 22.

Communications made in anticipation of probable litigation are not privileged: English v. Tottie, 45 L. J. R. (Q. B.) 138.

The answers should not be regarded as verity, but the court should inspect the documents as was done in Woolley v. North London Ry., L. R. 4 C. P. 611; Fenner v. London & S. E. Ry., 41 L. J. R. (C. B.) (N. S.) 313.

*John Hampton Barnes, Geo. Tucker Bispham* with him, for appellee.—The plaintiff asks for the inspection of documents and papers belonging to the defendant, and which constitute its defence to the action. It is clear that at common law such inspection would not have been permitted: Am. & Eng. Ency. of Law, vol. XIX, p. 242; Wharton on Evidence, vol. 1, 2d ed., sec. 743.

In Pennsylvania Company, Trustee, v. P. G. & N. R. Ry., 48 L. I. 146, the application to inspect a power of attorney upon which transfers of stock had been made, which transfers were the subject of the suit, and which power of attorney was alleged to have been forged, was refused, as not coming within the general exception.

The subsequent cases cited by the appellant have limited the effect of the case of Woolley v. Ry. Co. to reports made in the ordinary course of business: Cossey v. L. B. & S. C. Ry., L. R. 5 C. P. 147; Friend v. L. C. & D. Ry., 46 L. J. R. (Q. B. D.) (N. S.) 696; Fenner v. L. S. E. & Ry. Co., 41 L. J. R. (Q. B. D) 313; S. & V. Water Co. v. Quick, L. R. 3 Q. B. D. 315; The Theodore Korner, L. R. 3 Probate Div. 162 (1878); Collins v. L. G. O. Co., Court of Appeals Q. B. Div., 68 Law Times Rep., N. S. 831.

It is urged that even if the rule in Woolley v. The Ry. Co. should be adopted that plaintiff has not brought himself within it, and that certainly under the ruling of the foregoing case he would not be entitled to the inspection prayed.

OPINION BY MR. JUSTICE WILLIAMS, March 4, 1895:

The plaintiff shipped fruit over the defendant's line of road from Philadelphia to Altoona in June, 1892. When it reached its destination it was decayed to such an extent as to occasion loss to the shipper. An action was brought against the defendant in September of the same year to recover in damages for the loss suffered. Pending this action the plaintiff filed his bill on the equity side of the court for discovery in aid of the action at law. The specific discovery sought was of certain writings described in the bill as "official reports and communications made by the agent of the defendant at Altoona," in the course of the ordinary duties of such agent, to the main department in Philadelphia on and after the thirteenth day of June, 1892, for the information of the railroad company, "and without any reference to any litigation." A judgment pro confesso was obtained for want of an answer. Interrogatories were filed and answered. Two of these answers were excepted to, the exceptions dismissed by the learned judge, and this appeal was then taken. No question is raised except that of the sufficiency of the answers made to the second and third interrogatories. By these interrogatories the defendant was inquired of whether or not any officer, agent or employee of the railroad company at Altoona, on or about the thirteenth day of June, 1892, or afterwards, had furnished to the proper department of the company at Philadelphia in the ordinary course of duty, certain official reports relating to the plaintiff's claim, and directing that copies of such reports be attached to the answers. The answers are not a simple denial of the existence of such a report as is inquired after; but contain a statement of the general character of the report actually received. This report they allege was not made in the ordinary course of business, but for a special purpose, viz, to resist and defend against the claim which the plaintiff had made on the company by letter dated the seventh of July, 1892.

That it was prepared after the receipt of the plaintiff's letter and as a statement of the defence of the railroad company to the claim set up against it by him, so that if suit was brought it might be placed in the hands of counsel to guide them in making defence. The objection made to these answers is that they set up new matter that should come into the case by

answer to the bill. There can be no doubt that the facts stated would have made a good answer to the bill, but we think they are equally good as a reply to the interrogatories. If they are true, as for the purposes of this appeal they must be assumed to be, they amount to a denial of the possession of any communication or report such as the plaintiff alleges, and an assertion that the documents they have were prepared after the plaintiff's claim for damages was made, and for the special purpose of resisting it.

This brings the documents within the privilege accorded to communications made to counsel. It is true as appellant points out that they were not made directly to counsel but the answers allege they were made to the immediate superior of him who made them for the express purpose of being by him submitted to counsel.

They were in effect made to counsel, for they were made for the use of counsel in resisting this particular claim and were transmitted to the proper officer, that he might deliver them to the attorney to whom the defence of the company might be committed.

It is very clear that such reports do not belong to the class of instruments of which discovery will be compelled by a chancellor, and the learned judge of the court below was right in dismissing the exceptions.

The decree appealed from is affirmed and the appellant directed to pay the costs of the appeal.