The People's National Bank, Appellant, *v.* Howard R. Kern and Louis C. Haughey, surviving partners of William A. Baeder, Howard R. Kern and Louis C. Haughey, late copartners, trading as the William A. Baeder Glue Company ; William H. Kern, James E. Salter, Walter R. Kern, Emily L. Bentz, Carrie Maud Kern, Mabel Ella Kern, the American Coal Company and the Acme Glue Company.

*Bill in equity—Discovery—Creditors' bill—Execution.*

A bill in equity for discovery for the purpose of obtaining evidence, and in aid of a legal right, does not draw the whole case into equity ; the jurisdiction is for discovery only, and ends with it.

A creditors' bill cannot be sustained where it appears that the plaintiff has a full and adequate remedy at law, and has summoned under attachment execution certain of the defendants named in bill as garnishees liable to account to the other defendants.

Where a bill in equity is filed as a bill of discovery under the act of June 16, 1836, and subsequently, after answers filed and after testimony was taken, the plaintiff discloses an intention to treat the bill as a creditors' bill, the court may dismiss the bill, although the objection to the jurisdiction of the court is not raised by demurrer or answer.

Argued March 30, 1899. Appeal, No. 86, Jan. T., 1899, by plaintiff, from decree of C. P. No. 4, Phila. Co., June T., 1891, No. 82, dismissing bill in equity. Before STERRETT, C. J., GREEN, McCOLLUM, DEAN and FELL, JJ. Affirmed.

Bill in equity for an account.
The case was referred to Hampton L. Carson, Esq., as master.

On exceptions to the master's report, ARNOLD, P. J., filed the following opinion from which the facts appear:

On May 27, 1891, the People's National Bank of Pittsburg sued Howard R. Kern and Louis C. Haughey, surviving partners of William A. Baeder, trading as the William A. Baeder Glue Company, and on August 22, 1891, obtained judgment against Howard R. Kern for $9,862.79. Haughey was not served. A fi. fa. was issued on December 4, 1891, and returned nulla bona. On January 25, 1892, the People's National Bank filed this bill in equity against Howard R. Kern and Louis C. Haughey, surviving partners, etc., William H. Kern (father of Howard R. Kern), James E. Salter, Walter R. Kern, Emily L. Bentz, Carrie Maud Kern and Mabel E. Kern (daughters of Howard R. Kern), the American Coal Company and the Acme Glue Company, charging that the defendants (other than Howard R. Kern and the Baeder Glue Company) had real estate and personal property of Howard R. Kern and the Baeder Glue Company in their name and possession, and charging all the defendants with conspiracies and arrangements to cheat and defraud the creditors of Howard R. Kern and the Baeder Glue Company. The prayers were for injunction, discovery and a receiver. The case was referred to a master on May 4, 1892, and was before him several years. In the mean time William H. Kern died on April 8, 1893, and after his death several judg-

ment creditors of the Baeder Glue Company, including this plaintiff, issued attachments on their judgments directed to the executors of William H. Kern, deceased. Prior to filing this bill, and during the lifetime of William H. Kern, there were several attachments served on him. After taking testimony the master found in favor of the plaintiff in this suit and recommended a decree that the executors of the estate of William H. Kern account to the plaintiff for the sum of $46,098.55, to be released upon the payment to the plaintiff of the sum of $9,862.79, with interest and costs from the date of the recovery of the judgment; that Mabel Ella Kern account to the plaintiff for the sum of $12,419, to be released on payment of the judgment of the plaintiff, with interest and costs, and that James E. Salter account for the sum of $8,249.44, to be released on payment of the plaintiff's judgment with interest and costs.

It is difficult to understand exactly what kind of a bill the present bill is. If it is called a creditor's bill pure and simple, we have no authority to entertain it, according to the decision of the Supreme Court, in Girard National Bank's Appeal, 13 W. N. C. 101, for the reason that, as to real estate, the creditor may levy upon and sell the debtor's interest, if he has any in it, and, as to personal estate, the acts relating to attachments give a full and adequate remedy. If it is a bill of discovery in aid of execution it should have been accompanied by a scire facias, under the Act of June 16, 1836, P. L. 763, secs. 9, 14 and 17, in order to obtain a lien. If since the death of Mr. Kern it has been continued as an administration bill (a kind of bill of which I know of no instance in this state, but which is treated of in Bispham's Principles of Equity, sec. 528), then the decree should have been to get in the assets and distribute them. There are indeed some peculiar instances of creditors' bills to set aside settlements of real estate in which the grantor reserved a benefit to himself, or to get at the debtor's property invested in another person's real estate, of which Houseman v. Grossman, 177 Pa. 453, and People's National Bank of Pittsburg v. Loeffert, 184 Pa. 164, are conspicuous examples; but this case differs so much from those that we can get no aid from them. Here the plaintiff has filed a bill and the master has recommended a decree of a peculiar character, for large sums of money to be re-- leased on payment of lesser sums (not a decree for the return

of property on failure to pay money), and the plaintiff claims a preference over all the attachments served during the life of Mr. Kern and over his creditors whose rights and liens were fixed by his death. It seems to us impossible to sustain such a bill and decree. The plaintiff has no decree to this day against William H. Kern, the principal defendant, and yet, if the bill is sustained and a decree made as recommended, it comes in ahead of prior attachments by the creditors of the Baeder Glue Company and Howard R. Kern.

As to the decree recommended by the master against the living defendants, Mabel E. Kern (now Gray) and James E. Salter, aside from their novelty, we are of opinion that they should be refused on the evidence. Mrs. Gray is the daughter of Howard R. Kern and the granddaughter of William H. Kern. Howard had an equity in certain shares of the American Coal Company, which were held by the estate of Sarah Burr, deceased, as collateral security for a claim of $10,000. Howard bought this equity from Mrs. Elizabeth C. Bloodgood for $1,000 in 1889. The stock had an uncertain value because there was very little market for it, and it was doubtful whether it was worth the amount for which it was pledged. In March, 1890, William H. Kern bought this stock from Howard, subject to the pledge, for $1,000, being the amount of a note held by William H. Kern against Howard R. Kern. The amount due on the stock, $10,000, was paid by William H. Kern, who afterwards gave the stock, or the greater part of it, to his granddaughter, Mrs. Gray. Subsequently she gave her promissory note to her grandfather for $10,000 in exchange for his note, and having been compelled to sell her stock to pay her note, she was allowed the amount of her note by the orphans' court, and by the Supreme Court on appeal, in the settlement of the estate of William H. Kern, deceased, reported in 171 Pa. 55, in which this transaction about the American Coal Company's stock underwent judicial scrutiny, with the result that it was decided that " the stock was hers. As found by the learned auditing judge, it had been delivered to her by her grandfather, and was, therefore, an executed gift." The master should have found the same way on the evidence before him. Both cases having been decided by auditors and masters, they should agree in their findings. We may tolerate differences between juries,

because we are no part of that arm of the court, but findings of facts upon evidence, when made by judges, should be as consistent as their decisions upon the law.

William H. Kern had in his possession as pledgee warehouse receipts for about 2,200 barrels of glue which belonged to the Baeder Glue Company, and desiring to dispose of the glue, he transferred the receipts, ostensibly for $24,000, to James E. Salter, who is a member of the bar, now engaged in the plumbing business, and was formerly a deputy sheriff under William H. Kern. In this matter Mr. Salter was serving Mr. William H. Kern, who was confined by sickness at the time. Salter sold the glue, through the agency of Howard R. Kern, to the Acme Glue Company, a corporation in which Howard was largely interested, for $32,494.42, or at the rate of about seven and a half cents a pound, but the sale was for the benefit of William H. Kern, whose estate will be required to account for the proceeds, whether he received all the proceeds or not. Had Salter been in the glue business, or a broker, his vendor or principal would be the person responsible for the value of the glue to the Baeder Glue Company, yet we have a decree recommended against Salter, which is in the nature of a penalty for assisting a sick friend in selling property. Decrees in equity, even when based upon frauds and conspiracies, are given for the amounts out of which the injured parties have been defrauded, and not for punitive damages, fines or penalties. Nor are double recoveries allowed; yet we have here a finding against the principal defendant for the assessed value of the glue in controversy, to be released on payment of the plaintiff's claim, another finding against Mabel E. Gray for a large sum, to be released on like terms, and a third finding against Salter for less than the plaintiff's claim, to be released on the payment of a large sum. But for the reasons given above, the bill cannot be sustained against William H. Kern's estate. He is dead; the claims of attaching creditors outrank the plaintiff's claim in this suit, which is not yet in judgment, against William H. Kern's estate, and the plaintiff must rely on its attachment sur judgment, or take its place among the general creditors of the Baeder Glue Company and Howard R. Kern. It gained no preference by this suit. The bill cannot be sustained against Mabel E. Gray. The stock sought to be recovered by it is her property, and not the prop-

erty of the Baeder Glue Company or Howard R. Kern. Nor can it be sustained against Salter, who was the mere agent or substitute for William H. Kern to sell the glue which belonged to the Baeder Glue Company, the full value of which will be charged against the estate of William H. Kern in the proceedings on the attachment suits.

Therefore, we sustain the exceptions and dismiss the plaintiff's bill with costs.

*Error assigned*, among others, was decree dismissing bill.

*James Collins Jones*, with him *Lewin W. Barringer*, for appellant.—The equity of this bill is the fraud of the defendants. This fraud is averred in the bill and found by the learned master. That courts of equity may take jurisdiction of all bills in which the plaintiff seeks relief from the fraud of the defendants can no longer be disputed: Bispham's Principles of Equity, sec. 200; Alden v. Gibson, 63 N. H. 12; Lewis v. Shainwald, 48 Fed. Rep. 492; Post v. Stiger, 29 N. J. Eq. 554; Fowler's App., 87 Pa. 449.

The property which it was sought to reach consisted of a large number of items, and it would have been necessarily extremely difficult to get the proper accounting by a jury trial. The discovery obtainable in equity was very much more complete than any that could be obtained by proceeding by attachment at law.

Not only did the defendants not demur to the plaintiff's bill or raise any question of equitable jurisdiction in their answer, but they did not even file any exception raising any such questions. The bill has been pending since 1892, and over four hundred printed pages of testimony have been taken. Under these circumstances the decree dismissing the plaintiff's bill has worked a very great hardship on the plaintiff, while if the bill were sustained the defendant would be deprived of no substantial right: Adams's App., 113 Pa. 449; Evans v. Goodwin, 132 Pa. 146; Harrington Bros. v. Florence Oil Co., 178 Pa. 444; Shillito v. Shillito, 160 Pa. 167; Houseman v. Grossman, 177 Pa. 453; People's Nat. Bank of Pitts. v. Loeffert, 184 Pa. 164.

The plaintiff's position is that by virtue of the fraud that was

practiced by the defendants in the scheme to put its judgment debtor's property beyond its reach, each defendant became a trustee ex maleficio for its benefit to the extent that he or she was made the recipient of property in the perpetration of the fraud. As such trustees there was fixed upon each defendant the obligation to account, and this obligation was capable of being reached by the plaintiff's bill: Heath v. Page, 63 Pa. 108; Bank v. Baeder Glue Co., 164 Pa. 1; Post v. Stiger, 29 N. J. Eq. 554.

The attachment issued by the plaintiff on its judgment against the William A. Baeder Glue Company and L. C. Haughey, defendants, summoning William H. Kern as garnishee in court of common pleas No. 2, Philadelphia county, March term, 1890, No. 449, ought not to prevent the plaintiff from maintaining its present bill.

*John G. Johnson*, with him *Bernard Gilpin*, for Hood Gilpin, executor of William H. Kern, appellee.—Plaintiff should not proceed in equity against Kern's individual property before proceeding against him individually with an execution, and even then, as a firm creditor, it cannot have any rights superior to W. H. Kern, an individual creditor, against the individual property of his individual debtor, which was held by W. H. Kern prior to finding the bill or even bringing the original suit in this case. W. H. Kern is entitled to credit for the debt of the firm out of the firm assets in his hands and for the individual debt out of the individual assets: Dunphy v. Kleinsmith, 11 Wall. 610.

Complainant has therefore two suits, an attachment sur judgment and a bill in equity for the same cause. It is submitted, therefore, that complainant should have been compelled to discontinue the first suit before he was entitled to any decree in the second: C. P. & A. R. R. Co. v. City of Erie, 27 Pa. 380; Penna. Co. v. Phila. Nat. Bank, 3 Pa. Dist. Rep. 93; Findlay v. Keim, 62 Pa. 112; Warner v. Hopkins, 111 Pa. 328.

*M. Dubois Miller*, with him *H. LaBarre Jayne* of *Biddle & Ward*, for Mabel Ella Kern, appellee.

OPINION BY MR. JUSTICE FELL, October 6, 1899:

We see no reason for disturbing the decree entered in the

common pleas, dismissing the plaintiff's bill. As originally filed, the bill was for discovery in aid of an execution. As afterward amended, it took the form of a creditor's bill, and seems to have been proceeded with as such. As a bill for discovery for the purpose of obtaining evidence, and in aid of a legal right, it did not draw the whole case into equity. The jurisdiction was for discovery only, and ended with it. As a scire facias provided for by the act of June 16, 1836, was not issued, a lien was not acquired as against other attachments : Bennett's Appeal, 22 Pa. 476.

Considered as a creditor's bill it cannot be sustained. The plaintiff has a full and adequate remedy at law under the ordinary and long established methods of procedure. It can levy on and sell the real estate as the property of the defendant in the judgment, purchase it if necessary for the protection of its interest, and bring ejectment. The attachment execution which it caused to be issued makes the garnishees, who are defendants in the bill, liable to account for all the property of the defendants in the judgment which is in their hands, and for debts due them. The act of 1836 provides a method by which their rights may be further and more fully secured. The decision in Girard National Bank's Appeal, 13 W. N. C. 101, cited in the opinion of the learned judge of the common pleas, is conclusive of this question. Fowler's Appeal, 87 Pa. 449, Houseman v. Grossman, 177 Pa. 453, and People's Nat. Bank of Pitts. v. Loeffert, 184 Pa. 164, are cases in which the ordinary remedy at law would have been ineffectual, and they do not affect the established rule.

The contention that any objection to the jurisdiction of the court to entertain the bill should have been raised by demurrer or answer, and that it comes too late after the report of the master, is without merit. The bill as filed was for discovery, and it was framed in the words of the act of 1836. It presented no ground for objection to the jurisdiction of the court, and it was not until after answer and after the testimony had all been taken that the intention to treat the bill as a creditor's bill was disclosed.

The decree is affirmed at the cost of the appellant.