## Compton, Trustee, v. International Harvester Co. of America.

*Earl V. Compton*, for plaintiff; *John R. Geyer*, for defendant.

HARGEST, P. J., Sept. 21, 1928.—The questions before us now arise upon objections to the answer of the defendant, and were heard by the court *in banc.*

This is a bill for discovery in aid of an action at law. The defendant filed preliminary objections to the bill. While these were pending, the plaintiff filed a petition asking leave to amend. Objections were filed, the amendment was allowed, the preliminary objections were dismissed and the defendant directed to file an answer. The answer was filed by the secretary of the defendant company, not under oath but under the corporate seal. The bill of complaint contained interrogatories which were not answered. The plaintiff thereupon filed objections to the answer, which seems to be the proper practice: Hurley *v.* Delaware & Hudson Canal Co., 5 Dist. R. 257. These objections are (1) that the answer is not sworn to, and, therefore, does not comply with the equity rules; (2) that it is not responsive, because it does not deny the removal of the personal property; (3) that it is not responsive, because it does not answer the interrogatories.

1. The defendant contends that, inasmuch as the corporation alone is defendant and no officer has been joined, it is sufficient for the corporation to answer under its seal.

It has been held by some authorities that where discovery is desired from a corporation, some officer must be joined as defendant in the bill. The reason for this rule seems to be that unless an officer is joined, no one can be held for perjury, inasmuch as the corporation answers only under its corporate seal: 1 Pomeroy's Equity Jurisprudence, § 199; 9 Ruling Case Law, "Discovery," § 15. While it may be the better practice to join an officer, it is not necessary to give the court jurisdiction and the corporation must still

make answer: 5 Brewster's Equity Practice, §§ 5328, 5373; First National Bank *v.* Bristol Iron and Steel Co., 31 W. N. C. 503; 9 Ruling Case Law, "Discovery," page 175, note 17; 18 Corpus Juris, 1064, note 7. It was once unsuccessfully urged that a bill for discovery did not lie against a corporation, because such a bill was required to be under oath, and the corporation never answered in that way: Bevans *v.* Dingman's-Choice Turnpike, 10 Pa. 174. It has also been held that a corporation must answer interrogatories in a bill of discovery, under seal, even where no officer has been joined to answer under oath: French *v.* First National Bank, 9 Fed. Cases, 786, Case No. 5099.

The Act of May 28, 1913, P. L. 358, and the equity rules have, in our opinion, changed the general rule that a corporation may answer a bill in equity under its corporate seal.

The Act of 1913 provides: "That hereafter all bills and answers in equity shall be sworn to." There is no exception in favor of corporations.

Equity Rule No. 9 provides: "All bills, answers and amendments thereto, and all petitions not founded on matters of record only, must be sworn to before some person other than a party or attorney interested in the cause."

Here, again, there is no exception in favor of corporations. It is argued that the purpose of this rule is only to designate the character of officer before whom the affidavit can be made. We do not think that the rule can be limited in that way. The order of the Supreme Court promulgating the equity rules recites that they are adopted "for the purpose of making the practice and procedure in equity conform as nearly as may be to the legislature's requirements in regard to practice and procedure at law."

Section 12 of the Practice Act of May 14, 1915, P. L. 483, provides that the affidavit of defense in actions at law "shall be sworn to by the defendant, or some person having knowledge of the facts." If a corporation has knowledge of the facts which it desires to set up in an answer, it has such knowledge because some officer or employee knows them, and it is no hardship to require an answer which makes an averment of facts to be sworn to even in behalf of a corporation. We are of the opinion, therefore, that there is no exception in favor of a corporation.

Upon the filing of the objections to the answer, the defendant, apparently being in doubt of the correctness of its proceeding, filed a motion for leave to file an amended answer in the event that the court determines that an answer shall be under oath. That motion is now allowed.

2. The plaintiff contends that the answer is not responsive, because it does not deny the removal of personal property.

In Bevans *v.* Turnpike, *supra*, it is said: "The act (1836), so far, at least, as it relates to the discovery of fraud, is highly remedial, and is entitled to a liberal construction, so as to advance the remedy and suppress the mischief."

In Lesser *v.* Henry, 50 Pa. Superior Ct. 440, 442, it is held that a bill for discovery does not invoke the jurisdiction to try and determine the controversy, but simply for the discovery of facts resting in the knowledge of the defendant, and there should "be some strong equity or stringent rule of policy that should form a bar to the discovery:" Bains *v.* Goldy, 35 Pa. 51, 52.

The bill in equity in this case avers that the defendant, by its servants and agents, removed personal property from the stores of the Keystone Tractor and Implement Company during the months of September and October, 1924, which personal property was owned by the Keystone Tractor and Implement Company. The answer generally denies that it removed "certain personal property owned by the Keystone Tractor and Implement Company" during those months from the stores of that company. There are necessarily two

main questions to be tried in the action at law; first, whether the defendant removed any property from the stores of the Keystone Tractor and Implement Company, and, second, whether that property belonged to the latter company. The defendant has not denied that it removed any property. It has only denied that it removed the property belonging to the Keystone Tractor and Implement Company. If property was removed, the question as to its ownership is a vital question in the case and that question cannot be evaded by a general *pro forma* denial. Nor can it be tried in this suit.

In Bains *v.* Goldy, *supra*, it is said: "When there may be strong doubts of the materiality of the facts stated and inquired about, it is still the rule of the court of equity to require them to be disclosed, leaving it to the court of law to consider and decide the question."

The defendant contends upon the authority of 1 Pomeroy's Equity Jurisprudence, § 229, that if the defendant fully denies all the allegations, the whole suit must fall. This is not the Pennsylvania rule. Our cases are clear that "the ultimate defense to a suit at law was (is) not relevant in proceedings in equity" (Sherwood *v.* Yellow Cab Co., 283 Pa. 488, 491), and in Bank *v.* Kern, 193 Pa. 59, 66, speaking of the bill in that case, it is said: "As a bill for discovery for the purpose of obtaining evidence, and in aid of a legal right, it did not draw the whole case into equity:" Lesser *v.* Henry, 50 Pa. Superior Ct. 440.

In Bains *v.* Goldey, 35 Pa. 51, it is held: "It is not competent for the defendant in a bill of discovery, in aid of an issue at law, to deny the truth of the principal fact upon which is based the plaintiff's right to recover and to decline answering as to matters which would tend to prove the truth of the fact so denied; he must make discovery as to all matters which tend to prove the plaintiff's case in the issue at law."

In Wolfskill *v.* Edris, 5 Berks Co. L. J. 145, it is held that "the defendant in a bill of discovery must answer every material allegation of the bill, whether specially interrogated thereto or not, as fully as if specially interrogated thereto and disclose all the facts pertinent and responsive to every material allegation of the bill with the same degree of circumstantiality and positiveness as is required in an answer to interrogatories involving the same subject-matter. A denial, *modo et forma*, is not sufficient." See, also, Equity Rule No. 52.

In view of the foregoing authorities, we find that the bill in question has not been sufficiently answered.

3. One of the plaintiff's exceptions is that the answer is not responsive because it did not answer the interrogatories. The interrogatories are brief, five in number, inquiring of the nature, amount and kind of property removed from the stores of the Keystone Tractor and Implement Company located in York, Harrisburg and in Palmyra, and upon what days the removal in each store took place. The fifth interrogatory is: "What are the names of your servants, agents or employees who made the removal?" The answer objects to answering the interrogatories until after final decree of discovery has been made, and specifically objects to answering the fifth interrogatory. This raises the question as to when interrogatories in a bill of discovery should be answered. Where a discovery is sought in a bill which asks for other relief, it may be quite apparent that answers to interrogatories should not be compelled in advance of the hearing to determine the right to the relief sought.

In Grange *v.* Penn M. L. I. Co., 235 Pa. 320, 335, which was a bill for specific performance of a contract of insurance and also for an accounting and for discovery in aid of the plaintiff's proof, it is said: "Several of the

interrogatories were of such a nature that to answer them would have been equivalent to the rendering of an account in advance of a decree awarding it."

In Portuondo v. Faunce, 9 W. N. C. 539, the bill was for a receiver and a discovery and it seems to be decided that the plaintiff was not entitled to discovery until he had otherwise established his rights.

In Campbell v. Knowles, 13 Phila. 163, it is held: "When a bill is filed for an account, and the facts alleged in the answer are a bar to such a demand, no discovery can be had until there is a decree in the plaintiff's favor:" Burkholder v. Hertzler, 8 Lanc. Law Rev. 113; Trust Co. v. Garis, 190 Pa. 544.

In Davenport Co. v. Pennsylvania R. R. Co., 166 Pa. 480, the practice of filing exceptions to interrogatories seems to be sustained. In the instant case, the interrogatories are objected to in the answer. However, where there is a clean-cut bill for discovery, in aid of an action at law, and where there is no objection to the interrogatories, they should be answered in the answer to the bill: Paper Co. v. Hincken, 21 W. N. C. 227; Bank v. Kern, 193 Pa. 59, 66.

It remains for us to consider only whether the fifth interrogatory should be answered.

The suit at law involved the removal of personal property and, as we have already said, two questions arise: First, whether personal property was removed, and, second, whether the property belonged to the Keystone Tractor and Implement Company. Upon the question of its removal, we think it may be pertinent and material, in the suit at law, to know the names of the servants, agents and employees of the defendant who removed the property, if, in fact, such persons did remove it. Therefore, there is no valid objection to answering all of the interrogatories, including the fifth.

From Homer L. Kreider, Harrisburg, Pa.