**GARRETT et al. v. FAUST et al.**

**Civil Action No. 7806.**

District Court, E. D. Pennsylvania.

Jan. 15, 1948.

Arthur H. Bartelt, of Austin, Tex., for plaintiffs.

Cornelius C. O'Brien, of Philadelphia, Pa., for defendants.

McGRANERY, District Judge.

This cause came on to be heard on motion of plaintiffs for an order requiring

defendants to produce and permit the inspection and copying or photographing by plaintiffs of certain documents, and it appearing to the court that the documents are in the possession, custody, or control of defendants and that they constitute or contain evidence material to matters involved in this action,

It Is Ordered that defendants produce and permit plaintiffs to inspect and copy or photograph the following documents:

1. All letters and telegrams sent by T. A. Garrett or Elizabeth Garrett individually or when acting under the firm name and style of Garrett Turkey Ranch to defendant John C. Faust or Cora Faust individually or when acting under the name of Ephrata Hatchery, between June 1, 1945, and December 31, 1946.

2. All books of account of whatsoever nature, not limiting but including day journals, ledgers, bank books, sales and purchase books and business memoranda insofar as the foregoing show from whom defendants John C. Faust and Cora Faust were purchasing turkey eggs other than from plaintiff and also showing to whom said defendants were selling poults between January 1, 1946 and September 1, 1947; also books of account or records of unsold poults within the same period.

3. Copies, in defendant John C. Faust's and Cora Faust's possession, custody or control, of alleged claims for damages resulting from keeping turkey eggs too cool, made by said defendants against the defendant Railway Express Agency, Inc. on account of the said alleged negligence of the Railway Express Agency, Inc. during transportation of plaintiffs' eggs, plus copies of letters mailed to the Railway Express Agency, Inc. and answers received by defendants John C. Faust and Cora Faust during the period between January 1, 1946 and March 1, 1947. Said defendants are also to produce any and all settlements pertaining to the shipment of plaintiffs' eggs made by and between them and said Railway Express Agency, Inc. and all records pertaining thereto.

4. Defendants' price list for poults for 1946 and changes, if any, made during that year.

The said documents are to be produced at defendants' place of business, or at such other place as is agreed upon by the parties, on or before 15 days from the filing of the order.

If plaintiffs desire to photograph any of such documents, and if photographs cannot conveniently be taken at the place of business, defendants should take the documents elsewhere to some convenient place in order that photographs thereof may be taken, the documents to be returned to defendants forthwith upon the completion of such photography.

### Memorandum Opinion.

This is an action arising out of a contractual relationship between plaintiffs, T. A. Garrett and Elizabeth Garrett, and defendants, John C. Faust and Cora Faust. Plaintiffs have moved for an order requiring defendants to produce and permit plaintiffs to inspect, copy and photograph various documents. It is not clear whether plaintiffs intend to move under Federal Rules of Civil Procedure, Rule 34 or 26, 28 U.S.C.A. following section 723c, but since there is no pending deposition and since they have asked for an order of the court, I assume their motion arises under the former rule.

The request embodied in the paragraphs listed in Exhibit A of plaintiffs' motion, I think, should be granted with the exception of the requests contained in paragraphs 2, 5, and 6. There is no showing of "good cause" as to the request in paragraph 2 and the documents called for in paragraphs 5 and 6 are not in any way material to any matter involved in the action. Accordingly, therefore, with a slight narrowing down of the requests called for by the other paragraphs of plaintiffs' Exhibit A, an order will be entered granting plaintiffs' motion for production of documents.