### GARRETT et al. v. FAUST et al.

#### Civ. A. No. 7806.

United States District Court
E. D. Pennsylvania.

Jan. 17, 1949.

Arthur H. Bartelt, of Austin, Tex., for plaintiffs.

Cornelius C. O'Brien, of Philadelphia, Pa., for defendants.

McGRANERY, District Judge.

This is a motion under Federal Rules of Civil Procedure, rule 34, 28 U.S.C.A., to require defendants to produce copies of their income tax returns for certain specified years. The issue was originally argued before me on December 30, 1947, as part of a more general motion under Rule 34. On January 15, 1948, in a Memorandum Opinion, D.C., 7 F.R.D., 650, 651, the request as to income tax returns was denied because these documents "are not in any way material to any matter involved in the action." Counsel, who like the plaintiffs, resides in Texas, apparently never received a copy of the opinion. He did receive a copy of the order, which allowed inspection of the other documents called for under Rule 34 at that time, but did not refer to the denial of the request for the tax returns. Counsel, therefore, filed a second motion for inspection of the tax returns, unaware that the Court had decided against him previously. Accordingly, he asks that his present motion be treated as a request for reargument, and I have done so.

Briefly, the complaint in the instant case alleges that a contract existed between plaintiffs, who raise turkeys and hatch turkey eggs, and defendants, who hatch

and sell baby chicks and turkey poults. Plaintiffs allege and defendants admit that the contract is substantially contained in a letter, which is Exhibit B to the complaint. By its terms, plaintiffs were to ship all of their eggs to defendants for the turkey season of 1946 at certain specified prices. The letter, written by defendants, provided that "There will be no change in the price of eggs unless we are compelled to sell our poults for less than 60¢, or any change due to conditions beyond our control." The gist of plaintiffs' complaint is that defendants later obtained price reductions and cancellation by fraud and misrepresentation, causing plaintiffs to lose profits for an entire year. The specific misrepresentations, which are set forth in the complaint, were to the effect that defendants' poults were selling below last year's prices, or below 60¢, that defendants were unable to sell their poults, and that they would lose over $30,000 if they did not sell their poults.

After careful consideration, I adhere to my original view that production of the income tax returns should not be required. I still feel that these returns are not "reasonably calculated to lead to the discovery of admissible evidence" on the basic issues of the case; whether the defendants knowingly misrepresented that their poults were selling below 60¢ and, later, that they could not sell them. However, at this stage of the proceedings, I feel that it is unnecessary to decide upon this ground, because plaintiffs fail to make out good cause, as required under the Rule. Since filing this second motion to copy the tax returns, plaintiffs have received from defendants answers to interrogatories, which requested the following information relating to the 1946 turkey season: the number of eggs purchased by monthly and gross totals; the number of poults sold and the amounts received in such sales, by monthly and gross totals; the price defendants paid for started poults; and the numbers, prices, and dates of sale of any poults sold below 60¢. Prior to receiving these answers, plaintiffs had, as a result of its motion last year, the right to inspect and copy and photograph, "All books of account of whatsoever nature, not limiting but including day journals, ledgers, bank books, sales and purchase books and business memoranda insofar as the foregoing show from whom defendants John C. Faust and Cora Faust were purchasing turkey eggs other than from plaintiff and also showing to whom said defendants were selling poults between January 1, 1946, and September 1, 1947; also books of account or records of unsold poults within the same period." An answer to plaintiffs' 39th interrogatory indicates that defendants submitted to plaintiffs for copying all the records they have reflecting the business of the 1946 season.

Without examining the requirements of "good cause" too minutely, I feel that with all the information that plaintiffs have at their command, and the opportunities they have had to obtain it, I cannot in good conscience require defendants to submit their income tax returns for copying. I realize that income tax returns may not be privileged within the meaning of Rule 26, cf. Reeves v. Pennsylvania Railroad Co., D.C., 80 F.Supp. 107, but I am not too disposed to require a person to display their contents to the party suing him. Certainly I feel that plaintiffs have not shown any necessity for their production or "any indication or claim that denial of such production would unduly prejudice the preparation of petitioner's case or cause him any hardship or injustice." See Hickman v. Taylor, 329 U.S. 495, 509, 67 S.Ct. 385, 392, 91 L.Ed. 451. Nor do I feel that such a standard is inapposite in deciding whether good cause exists under Rule 34. Cf. Martin v. Capital Transit Company, D.C.Cir., 170 F.2d 811; Hickman v. Taylor, 3 Cir., 153 F.2d 212, 216, footnote 4. Therefore, plaintiffs' motion will be denied for failure to show good cause, and an order will be entered in accordance with this opinion.