**BURNS v. PHILADELPHIA TRANSP. CO.**

No. 12690.

United States District Court
E. D. Pennsylvania.

April 20, 1953.

Richter, Lord & Farage, Philadelphia, Pa., for plaintiff.

J. B. H. Carter, Philadelphia, Pa., for defendant.

WELSH, District Judge.

Plaintiff has moved pursuant to Fed. Rules Civ.Proc. rule 34, 28 U.S.C.A., for

the production of (1) statement of the decedent and (2) statement obtained by the defendant from its employee, John Robb Russie, the operator of defendant's trolley in the accident.

■ The good cause required by Rule 34 has been shown in the case of the statement obtained from the decedent and accordingly the plaintiff is entitled to the production of same. The facts constituting good cause are as follows: The decedent was not given a copy of the statement obtained from him by the defendant; at the time the statement was obtained from him decedent was not represented by counsel; the decedent died before counsel was obtained and counsel was therefore never able to ascertain from the decedent the nature or contents of the statement obtained from him by the defendant.

It should be noted that the cases cited by defendant which hold that a plaintiff is not entitled to the production of statement obtained from him do not control the present case since the parties in the cited cases were alive and the party in the present case is dead.

■ The good cause required by Rule 34, however, has not been shown in the case of the statement obtained by the defendant from its employee, John Robb Russie, the operator of defendant's trolley in the accident and accordingly the plaintiff is not entitled to the production of same. The facts which we deem insufficient to constitute good cause are as follows: No other witnesses are known save the participants themselves; defendant's trolley operator has refused to give a statement to plaintiff's investigators; defendant has instructed its employee not to give statements, oral or written; defendant's operator is hostile and unwilling to make full disclosures because of defendant's instructions and because of his self-interest in avoiding any imputation of responsibility for the accident.

Additionally, plaintiff argues that he ought not be refused the production of the statement of the trolley operator on the ground that he, plaintiff, has already taken the depositions of said trolley operator.

Plaintiff bases his argument on the fact that said trolley operator's testimony on depositions is in conflict with the facts as known to the plaintiff. Plaintiff's argument recognizes the general proposition that a party will be refused the production of a statement of a witness if he has already obtained the depositions of the witness. The argument advanced by plaintiff is unconvincing and falls short of causing us to deviate from the aforesaid general proposition, for it is based on the erroneous assumption that defendant's operator was not telling the truth when he testified on depositions.

Plaintiff's motion is granted in part and denied in part.