Patricia BURNS, Guardian of the Estate of Mitchell Azoff, a Minor,

and

Patricia Burns, in her own right, as Guardian of the Estate of Mitchell Azoff, a Minor

v.

Bernice MULDER.

No. 20159.

United States District Court
E. D. Pennsylvania.

June 14, 1957.

Charles A. Lord (of Richter, Lord & Levy), Philadelphia, Pa., for plaintiff.

James J. McCabe, Jr. (of Duane, Morris & Heckscher), Philadelphia, Pa., for defendant.

VAN DUSEN, District Judge.

This action for recovery of injuries to a minor, male pedestrian, alleged to have been caused in Pennsylvania by a car operated by defendant, is based on diversity of citizenship since the guardian appointed by the state court subsequent to the accident resides in New Jersey. Plaintiff seeks production of a copy of a state-

ment made by defendant to a representative of her insurance company the day after the accident "for the specific use of counsel in anticipation of litigation" (see paragraph 2, page 2, of letter of 5/17/57 attached to this order). Plaintiff bases her demand for production of this document on the ground that defendant's testimony, when her deposition was taken, did not indicate how the accident happened or accurately estimate the point and position of either plaintiff or the car (see affidavit attached to above-mentioned Motion).

■ The hearing judge finds that the record does not establish plaintiff's contention in this regard and that plaintiff has not established good cause[1] for the production of the defendant's statement for these reasons, among others:

A. Defendant's answers to plaintiff's interrogatories 13 to 39, inclusive, together with the testimony in the deposition, give as reasonable an estimate of her position as plaintiff could expect under the circumstances outlined in B and C below.

B. Counsel for defendant suggested during the deposition (N.T. 9 and 31) that defendant refresh her recollection from looking at her statement in order to enable her to give the more detailed answers requested by counsel for plaintiff, but counsel for plaintiff refused to permit this procedure (see last full paragraph on page 3 of defendant's brief attached to this order).[2] If plaintiff was really interested in getting the defendant's position (as opposed to constructing a basis for cross-examination at the trial), plaintiff should clearly have permitted defendant to refresh her recollection from the statement and then to testify before filing this motion.

C. Paragraph 4 of the Answer to plaintiff's Motion (which stands unchallenged in the absence of any affidavit or other evidence on the record to the contrary; see, also, objection to photographs made at deposition—N.T. 27 & 31) establishes that the photographs presented to defendant at the deposition "were not properly suited for the purpose of designating this information (asked by plaintiff) on them." Also, it is noted that plaintiff did not produce a drawing of the intersection with distances and widths indicated on it. Defendant could have marked the points requested by plaintiff on such a drawing.

The following language of the United States Supreme Court in Hickman v. Taylor, 1947, 329 U.S. 495, 509, 67 S.Ct. 385, 392, 91 L.Ed. 451, would seem applicable to this record:

"For aught that appears, the essence of what petitioner seeks either has been revealed to him already through the interrogatories or is readily available to him direct from the witnesses for the asking."

■ This court has adopted the rule that statements of a party (and a witness) cannot be secured under F.R.Civ. P. 34, 28 U.S.C., "for the purposes of cross-examination and discrediting his testimony in chief" or to show that testimony on deposition is false. See Rau-

---

1. See Alltmont v. United States, 3 Cir., 1950, 177 F.2d 971, 976–977, certiorari denied 1950, 339 U.S. 967, 70 S.Ct. 999, 94 L.Ed. 1375; Reynolds v. United States, 3 Cir., 1951, 192 F.2d 987, reversed on other grounds, 1953, 345 U.S. 1, 73 S.Ct. 528, 97 L.Ed. 727. In the Reynolds case, the court pointed out, 192 F.2d at pages 991–992, that the test is "whether special circumstances make it essential to the preparation of the party's case to see and copy the docu-

ments sought." Plaintiff has not sustained the burden of showing that this document is essential for the preparation of her case on this record. Cf. Garrett v. Faust, D.C.E.D.Pa.1949, 8 F.R.D. 556.

2. This fact makes Tannenbaum v. Walker, D.C.E.D.Pa.1954, 162 R.D. 570, inapplicable. It is also noted that the statement of a witness, and not that of a party, was involved in the Tannenbaum case.

denbush v. Reading Company, D.C.E.D. Pa.1950, 9 F.R.D. 670, 671;[3] Burns v. Philadelphia Transp. Co., D.C.E.D.Pa. 1953, 113 F.Supp. 48.

Because of the absence of any showing of good cause, it is unnecessary to pass on defendant's contention that this statement is not subject to an order under F.R.Civ.P. 34 because (a) it is privileged under state law (see Davenport Co. v. Pennsylvania R. R., 1895, 166 Pa. 480, 486, 31 A. 245), and (b) failure to follow such state law would substantially affect the enforcement of a state-created right.[4] However, assuming a showing of good cause, it would seem difficult to contend that a statement of the type involved in this case [5] could never be subject to an order under F.R.Civ.P. 34, in view of the language used by the United States Supreme Court in Hickman v. Taylor, supra, 329 U.S. at pages 508–512, 67 S.Ct. at pages 392–393.[6]

Order

And Now, June 14, 1957, it is ordered that plaintiff's "Motion for Production of Copy of Document Under Rule Number 34" is denied.

3. See, also, discussion in Safeway Stores v. Reynolds, 1949, 85 U.S.App.D.C. 194, 176 F.2d 476, cited in the Raudenbush case, supra. Since the facts on which the order of 9/13/55 in Jarosiewicz v. Baltimore & Ohio R. Co., 21 Fed.Rules Serv. 34.13, Case 5 (p. 506) (E.D.Pa.), are not stated in any detail, there is no reason to believe that that order was intended to modify the principles adopted by this court in the opinions in the Raudenbush and Burns cases, supra.

4. In Guaranty Trust Co. of New York v. York, 1945, 326 U.S. 99, at pages 108–109, 65 S.Ct. 1464, at pages 1469–1470, 89 L.Ed. 2079, the court said:

"But since a federal court adjudicating a state-created right solely because of the diversity of citizenship of the parties is for that purpose, in effect, only another court of the State, it cannot * * * substantially affect the enforcement of the right as given by the State.

\* \* \* \* \*

"Erie R. Co. v. Tompkins [304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188] was not an endeavor to formulate scientific legal terminology. It expressed a policy that touches vitally the proper distribution of judicial power between State and federal courts. In essence, the intent of that decision was to insure that, in all cases where a federal court is exercising jurisdiction solely because of the diversity of citizenship of the parties, the outcome of the litigation in the federal court should be substantially the same, so far as legal rules determine the outcome of a litigation, as it would be if tried in a State court. The nub of the policy that underlies Erie R. Co. v. Tompkins is that for the same transaction the accident of a suit by a non-resident litigant in a federal court instead of in a State court a block away, should not lead to a substantially different result."
Cf. Reeves v. Pennsylvania R. Co., D.C. D.Del.1949, 8 F.R.D. 616, 617.

5. It is noted that the documents involved in the Davenport case, supra, 166 Pa. at page 486, 31 A. at page 246, "were prepared after the plaintiff's claim for damages was made, and for the special purpose of resisting it." There is nothing in this record to bring defendant's statement within this description.

6. Cf. Schuyler v. United Air Lines, D.C. M.D.Pa.1950, 10 F.R.D. 111, 113.